Territorial Law Library



IN THE SUPERIOR COURT OF GUAM

IN THE MATTER OF THE ESTATE OF ) PROBATE CASE NO. PR0061-96
)
)
FLORENCIO TORRES RAMIREZ and )
JOSEFINA L.G. RAMIREZ, ) DECISION AND ORDER
)
)
)
Deceased. )
)
_____ )

This matter came before the Honorable Alberto C. Lamorena III on June 29, 2009 on Co-Administrators' Motion to Waive the Law and Proceed With Reduced/Below Statutory Values. Attorney Rachel M. Taimanao-Ayuyu appeared on behalf of the Co-Administrator. After reading the parties' briefs and hearing the argument, the Court took the matter under advisement. The Court now issues its Decision and Order.

**FACTUAL HISTORY**

Florencio Torres Ramirez and Josefina L.G. Ramirez died intestate on April 12, 1995 and December 16, 1982, respectively. The Co-Administrators filed a petition to open probate in their



-1-

estates on May 8, 1996. On January 24, 2007, the Court approved the Co-Administrators' petition for preliminary distribution and partition of real property after having found that notice to creditors and satisfaction of all claims against the estate had been completed, including distribution of a portion of Tract 63009, which was to be sold so that the Estate could pay court costs, attorney's fees, and related expenses.

## DISCUSSION

The Estate seeks the Court to invoke its equitable powers to authorize the use of substantially lower values of the land assets in the Estate's Inventory and Appraisement, as the Estate has minimal liquid assets, and would prefer the Estate to retain as much of its real property assets as possible.

"Codified law commands more attention and compliance than common law. Therefore, it would be inappropriate for... courts to haphazardly fashion equitable remedies with no deference to codified law. Instead, ...courts should tread carefully when entering the realm of equitable remedies, fashioning them only when directed to do so by statutes and court rules, when there is no adequate legal remedy, or when the equitable remedy is better adjusted to render complete justice." Burr v. Trinity Medical Ctr., 492 N.W.2d 904 (N.D. 1992). "A trial court must have a cognizable basis for granting equitable relief. Equity is a complex system of established law and is not merely a reflection of the chancellor's sense of what is just or appropriate." Tiller v. Owen, 413 S.E.2d 51, 53 (Va.1992).

While the Court is cognizant of the Estate's desire to retain as many of its assets as possible, and the negative effect that enforcing the current probate laws would have on the financial situation of the heirs, this is not an uncommon situation. Countless families on Guam have endured similar situations, and have had to follow the statutes prescribed by the Guam

-2-

Legislature. This Court has already allowed a preliminary distribution of a lot in order to facilitate the closing of the Estate. While it is commendable that the attorneys for the Estate are fighting for the Estate's ability to retain more of its assets at their own expense, this matter does not present any extraordinary circumstances that would permit equitable relief that directly contradicts codified law.

## CONCLUSION

Based on the above, Co-Administrators' Motion to Waive the Law and Proceed With Reduced/Below Statutory Values is hereby DENIED.

**IT IS SO ORDERED** this 3rd day of August, 2009.

**Alberto C. Lamorena III**
Presiding Judge
Superior Court of Guam



-3-